# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

LEROY H. LEE,

    Plaintiff,

v.

DET. V. WILLIAMS et al.,

    Defendants.

Civil No. 18-14718 (KM) (MAH)

**MEMORANDUM OPINION**

## I. INTRODUCTION

Plaintiff pro se, Leroy H. Lee, commenced this action on October 5, 2018, by filing a civil-rights complaint under 42 U.S.C. § 1983. (DE 1.) The action was initially administratively terminated because the complaint included neither a proper filing fee nor an application to proceed *in forma pauperis*. (DE 3, 4.) Mr. Lee subsequently paid the full filing fee, and the Court now undertakes an initial screening of the complaint under 28 U.S.C. § 1915A.

## II. BACKGROUND

Mr. Lee alleges claims against Det. V. Williams and Sgt. W. Wilson of the Newark Police Department, as well as Ras Baraka, the mayor of Newark, and Assistant Deputy Essex County Prosecutor Jessica Yanette. (DE 1 ¶ 4.) He alleges he was arrested on May 7, 2018, and that Det. Williams "wrote a false report causing continued confinement" in which Williams "falsified, alter[ed] or changed" statements from witnesses and the alleged victim. (*Id.* ¶¶ 4, 6.) Mr. Lee contends that Assistant Prosecutor Yanette "should have called for a separate investigation knowing that the alleged victim stated 'she did not know who shot her' 'Mr. Lee did not shoot her.'" (*Id.* ¶ 6.) Mr. Lee alleges that Sgt. Wilson should bear supervisory liability, because he signed a report knowing it had been falsified. (*Id.* ¶ 4(c).) He contends that Mayor

Baraka should be liable because "he is the supervising commander and chief of all official city departments." (*Id.* ¶ 4(d).)

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub. L. 104-134, §§ 801–810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review prisoner complaints when the prisoner seeks redress against a governmental employee or entity. 28 U.S.C. § 1915A. The PLRA directs district courts to sua sponte dismiss claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See id.*

"[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the Court's screening for failure to state a claim, the complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Pro se pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Glunk v. Noone*, 689 F. App'x 137, 139 (3d Cir. 2017). Nevertheless, "pro se

2

litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That section provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. ANALYSIS

I construe Mr. Lee's Complaint as asserting a constitutional claim of for malicious prosecution.[1] To state a malicious-prosecution claim, a plaintiff must state that:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty

---

[1] I note that the mere filing of a false police report—standing alone, without certain further consequences—does not make out a constitutional claim. *See Jarrett v. Township of Bensalem*, 312 F. App'x 505, 507 (3d Cir. 2009); *Ellis v. Vergara*, No. 09-2839, 2009 WL 4891762, at *5 (D.N.J. Dec. 15, 2009). Furthermore, Mr. Lee does not seem to challenge the arrest itself.

3

> consistent with the concept of seizure as a consequence of a legal proceeding.

*Woodyard v. County of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013). To prove a malicious-prosecution claim, "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009). Mr. Lee has not pleaded that the criminal proceedings initiated against him ultimately terminated in his favor. Thus, he fails to adequately plead a claim for malicious prosecution.

The lack of an underlying constitutional wrong would be sufficient to require dismissal of the complaint as a whole. In addition and in the alternative, however, I note that Mr. Lee has failed to state a claim of supervisory liability against Mayor Baraka. Generally, personal involvement by the defendant in the alleged constitutional violation is central to a § 1983 claim, and liability cannot rest on a theory of *respondeat superior*. *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). Supervisory liability generally requires some affirmative conduct by the supervisor, such as a supervisor's implementation or maintenance of a policy, practice, or custom that caused the plaintiff constitutional harm. *Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016); *Santiago v. Warminster Township*, 629 F.3d 121, 129 n.5 (3d Cir. 2010). Mr. Lee has not alleged any particular act by Mayor Baraka, such as the implementation of an unconstitutional policy or practice, and instead seems to base his claim merely on the fact that Mayor Baraka has ultimate responsibility for all city offices. That is tantamount to a *respondeat superior* theory and, thus, does not plead a claim. *See Chavarriaga*, 806 F.3d at 222.

## V. CONCLUSION

For the foregoing reasons, I find, upon screening under 28 U.S.C. § 1915A, that Mr. Lee's Complaint fails to state a claim. Accordingly, the complaint is dismissed without prejudice. Mr. Lee may seek to file an amended complaint if and when he can plead a favorable termination of the criminal proceedings against him. An appropriate order follows.

DATED: February 8, 2019

KEVIN MCNULTY
United States District Judge